**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jammie T. HAIRSTON, Defendant–Appellant.**

**No. 01–2386.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 2001.

Decided Nov. 16, 2001.

Before COFFEY, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

### Order

Jammie Hairston, caught red-handed with a distribution quantity of cocaine and a firearm that had recently been discharged, was convicted not only of possessing crack with intent to distribute but also of using a firearm during and in relation to a drug transaction. Hairston contends that the evidence does not show that he wanted to distribute the drug or that the gun was used during his drug business; it was used, he insists, only for self-defense.

The problem with this argument–beyond the great difficulty that anyone faces when trying to upset a jury's resolution of a factual dispute–is that Hairston's own story strongly supports the ver-dict. He admits that he received a distribution quantity of cocaine from his brother Marcus and set out to make sales. Later, Jammie contends, after having trouble selling the crack he tried to return it, but Marcus told him to continue trying to sell it. When an argument ensued about this, plus money owed from earlier sales, Jammie fired his gun. This shows two things: first that Jammie possessed cocaine with intent to distribute, and second that he used the gun during and in relation to a drug transaction. That he shot at a drug dealer (Marcus) during an argument about drugs and drug proceeds is no defense; it tends rather to show guilt. As for intent to distribute: The question is not whether Jammie intended to distribute the drugs at the moment of his arrest (or of the fight with Marcus), but whether Jammie intended to distribute them at *any* time (within the period of limitations). Cf. *United States v. Molina*, 102 F.3d 928 (7th Cir. 1996).

AFFIRMED